# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ENGIN ARSLAN,** | ) |
| | ) Civil Action |
| Plaintiff, | ) File No.: |
| | ) |
| v. | ) FAIR LABOR STANDARDS ACT |
| | ) ACTION |
| **CAFE AGORA, INC., and ALI OZELCI,** | ) |
| | ) **JURY TRIAL DEMAND** |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff and hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

**PARTIES**

3.

Plaintiff is an individual residing in Atlanta, Cobb County, Georgia. Defendants employed Plaintiff as an Administrative Assistant and Office Manager from January 2013 to April 2014.

4.

Plaintiff was denied overtime compensation during the term of his employment.

5.

Defendant Cafe Agora, Inc. ("Cafe Agora") is a corporation formed under the laws of the State of Georgia. Defendant may be served with process through its registered agent, Ali Ozelci, at 318 East Paces Ferry Road, Atlanta, Georgia, 30305.

6.

Defendant Cafe Agora is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

7.

Defendant Ali Ozelci is the CEO and/or owner of Cafe Agora, was acting in the interest of Cafe Agora and is an employer with the meaning of FLSA § 203(d) as he set the terms and conditions of employment for Plaintiff, including the decision not to pay Plaintiff overtime. Defendant Ali Ozelci may be served with process at 318 East Paces Ferry Road, Atlanta, Georgia 30305.

8.

By not paying overtime, Defendant Ali Ozelci was able to personally profit more from his ownership of Cafe Agora, and pay himself a greater profit, salary and/or benefits.

## FACTUAL ALLEGATIONS

9.

Upon information and belief, Defendant Cafe Agora has in the past and currently employs over 25 employees in the metropolitan Atlanta area.

10.

Defendant Cafe Agora is a covered employer under 29 U.S.C. § 203(s)(A) as it is an enterprise whose (i) employees engaged in commerce and (ii) has an annual gross volume of sales made or business done is greater than $500,000.

11.

Defendant Cafe Agora is a company that owns restaurants with locations in the Buckhead and Midtown neighborhoods of Atlanta.

12.

Defendants employed Plaintiff as a Cook and Janitor at their Midtown location at 92 Peachtree Place, NE, Atlanta, Georgia, 30309.

13.

Defendants were aware that Plaintiff was not exempt from FLSA requirements.

14.

Despite knowing that Plaintiff was not exempt from the FLSA, Defendant failed to properly compensate Plaintiff for work performed that exceeded 40 hours in a week.

15.

Defendants required Plaintiff to clock in and out for his shifts but usually ignored the number of hours their own records reflected and paid him less than the number of hours he worked.

16.

For the fraction of the hours that Defendants did pay Plaintiff when he worked more than 40 hours in a week, Defendants paid Plaintiff "straight time" for hours that Plaintiff worked in excess of 40 hours a week instead of paying Plaintiff time and a half as required under the FLSA.

17.

For the fraction of the hours that Defendants did pay Plaintiff when he worked more than 40 hours in a week, Defendants wrote him a check separate from his standard payroll check from which they did no withholding, resulting in tax liabilities to the Plaintiff for which Defendants should have been liable instead of Plaintff.

18.

Defendants are liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## **COUNT I**: **CLAIM FOR RELIEF UNDER THE FLSA**

19.

The above facts support Plaintiffs' claim for relief under the FLSA and are therefore respectfully reincorporated.

20.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

21.

Defendants' violation of these provisions is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(c) Award to Plaintiff payment for each overtime hour worked calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due, and prejudgment interest on all amounts owed, as required by the FLSA;

(d) Award Plaintiff his attorney's fees and costs; and

(e) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 28th day of July, 2015.

        **Keegan Law Firm, LLC**

        */s/Marcus G. Keegan*
        Marcus G. Keegan
        Georgia Bar. No. 410424
        2987 Clairmont Road NE
        Suite 225
        Atlanta, Georgia 30329
        (404) 842-0333(Phone)
        (404) 920-8540 (Fax)

mkeegan@keeganfirm.com